UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN THE MATTER OF THE APPLICATION OF
THE CAMARDO LAW FIRM, P.C., FORMERLY
THE LAW FIRM OF JOSEPH A. CAMARDO, JR.,
ATTORNEYS AND COUNSELORS AT LAW OF
THE STATE OF NEW YORK, for a Judgment
Determining and Enforcing said Attorney's rights IN
THE MATTER OF R.L. BATES GENERAL
CONTRACTOR PAVING & ASSOCIATES, INC.
(ASBCA No. 53641),

        Petitioner,

   v.              5:09-CV-654
                     (FJS/GHL)

DEPARTMENT OF THE ARMY, MISSION AND
INSTALLATION COMMAND, DIRECTORATE
OF CONTRACTING – WEST POINT,
ANNEMARIE KOPKO, MAJOR TIMOTHY
FURIN, AND U.S. ARMY LEGAL SERVICES AGENCY,

        Respondents.
_____

APPEARANCES           OF COUNSEL

**CARMARDO LAW FIRM, P.C.**     **KEVIN M. COX, ESQ.**
127 Genesee Street
Auburn, New York 13021
Attorneys for Petitioner

**OFFICE OF THE UNITED**      **WILLIAM H. PEASE, AUSA**
**STATES ATTORNEY**
James Hanley U.S. Courthouse
& Federal Building
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondents

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

Starting in early 2000, Petitioner performed certain legal services on behalf of R.L. Bates General Contractor Paving and Associates, Inc. ("Bates") with respect to claims Bates had for services it performed at West Point for the United States Army. On April 27, 2009, Respondent Army informed Petitioner that it intended to "unilaterally settle a portion of [Bates'] claim" and that it would pay the money owed to Bates to the Internal Revenue Service ("IRS") in consideration of tax liens against Bates. Petitioner contends that, pursuant to section 475 of the New York Judiciary Law, it has an attorney's lien in an amount exceeding $25,359.87, which sum Respondent Army paid over to the IRS and that Respondent Army should have paid this sum to Petitioner rather than to the IRS.

On or about May 4, 2009, Petitioner filed a petition for Enforcement of Attorney's Lien in New York State Supreme Court, Cayuga County. On or about May 8, 2009, that court issued an Order to Show Cause directing Respondents to show cause before the court on June 9, 2009, why the court should not issue an order pursuant to section 475 of the New York State Judiciary Law "determining Petitioner's attorney's lien against any funds paid out by Respondents . . . and enforcing said lien against any funds paid or released by Respondents, against the Respondents and any third parties in receipt of said funds[.]" The court further ordered that Petitioner could serve the Order to Show Cause upon Respondents by facsimile.

On June 5, 2009, Respondents filed their Notice of Removal, removing the matter to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1446.

Currently pending before the Court is Respondents' motion to dismiss pursuant to Rules

12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process, and insufficient service of process.

## II. DISCUSSION

To maintain a viable action against the United States, a plaintiff must identify (1) the statute that confers subject matter jurisdiction on the district court and (2) the federal law that waives the sovereign immunity of the United States for the cause of action asserted. *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 & n.2 (9th Cir. 2007) (quotation omitted); *see also Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993).

Only Congress can waive the government's sovereign immunity and such waivers must be unequivocally expressed. *See Dunn & Black, P.S.*, 492 F.3d at 1088 (citation omitted). Moreover, "[t]he Supreme Court has 'frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'" *Id.* (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261, 119 S. Ct. 687, 142 L. Ed. 2d 718 (1999)). As such, a party must bring a suit against the government in strict compliance with the specific conditions under which the government has agreed to waive sovereign immunity. *See Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988) (quotation omitted).

Although the parties do not address this point, the Court, at any time, can *sua sponte* raise the issue of subject matter jurisdiction or sovereign immunity. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citations omitted); *Warren v. United States*, No. 06-CV-0226S, 2009 WL 1663991, *2 (W.D.N.Y. June 15, 2009) (citation and quotation omitted). In the present matter, Petitioner has not identified which federal law, if any, waives the

sovereign immunity of the United States for the cause of action it is asserting.

As discussed, only Congress can waive the Government's sovereign immunity and the party alleging such a waiver must identify the statute authorizing its suit. *See Dunn & Black, P.S.*, 492 F.3d at 1088.[1] In this action, Plaintiff's only claim against the Government is based on its allegation that it has an attorney's lien under section 475 of the New York Judiciary Law.

In *Harley & Browne v. Ressler & Ressler*, 957 F. Supp. 44 (S.D.N.Y. 1997), the plaintiff's original counsel sought to enforce an attorney's lien against the government pursuant to section 475 of the New York Judiciary Law. *See id.* at 46-47. The court noted that, although the government had waived its sovereign immunity for the underlying medical malpractice action pursuant to the Federal Tort Claims Act, it had not waived its sovereign immunity with respect to the petitioner's attorney's lien claim. *See id.* at 49-50. Dismissing the action, the court held that "[t]he Government has not expressed its consent to be sued for attorneys' fees, and the Court is unwilling to construe its prior waiver of sovereign immunity so broadly as to permit this petition to proceed against the Government." *Id.* at 50 (citing *United States v. Guaranty Trust Co. of New York*, 60 F. Supp. 103, 104-05 (S.D.N.Y. 1945)).

As in *Harley & Browne*, Petitioner has not identified any federal law that waives the Government's sovereign immunity to be sued for attorney's fees pursuant to section 475 of the New York Judiciary Law.

---

[1] Although the Government removed this action to federal court, the removal statute does not waive the Government's sovereign immunity. *See 101 W. 136th St. Realty Corp. v. Sec'y of U.S. Dep't of Hous. & Urban Dev.*, No. 87 CIV. 1373, 1988 WL 126882, *3 (S.D.N.Y. Nov. 23, 1988) (citing [*Falls Riverview Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49,] 54-55 [(2d Cir. 1985)]).

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's petition is **DISMISSED** because Respondents have not waived their sovereign immunity with respect to Petitioner's claim.

**IT IS SO ORDERED.**

Dated: May 11, 2010
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge